# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:11cr304 |
| | ) | **Electronic Filing** |
| DANIEL YOUNG | ) | |

## MEMORANDUM AND ORDER OF COURT

On December 20, 2011, a grand jury returned a six-count indictment against defendant Daniel Young ("defendant") and Kimberly Ostrander and Dennis Young ("codefendants") charging each of them with conspiracy in violation of 18 U.S.C. § 371 and structuring currency transactions in violation of 31 U.S.C. §§ 5324(a)(3) and/or (b)(3). Presently before the court is defendant's motion in limine seeking to preclude the government from introducing other bad acts evidence pertaining to defendant's asserted drug dealing. For the reasons set forth below, the motion will be granted in part and denied in part.

The indictment alleges the following information. Beginning in and around February 2007 and continuing to February 2009, defendant and the codefendants knowingly and willfully conspired, combined, confederated and agreed together and with each other to commit an offense against the United States, namely structuring currency transactions to avoid triggering a reporting requirement under federal law.

As part of the conspiracy defendant and the codefendants structured and caused the structuring of cash deposits into accounts held at various banks. The deposits were made in connection with purchases of real property, a tractor, a vehicle and a front-end loader. Such structured currency transactions were in violation of 31 U.S.C. §§ 5324(a)(3) and (b)(3).

As part of the scheme defendant and the codefendants obtained multiple cashier's checks, made deposits to accounts at various financial institutions, and paid for large purchases in cash. All of these transactions were under 10,000 dollars in an attempt to evade the reporting

requirements of 31 U.S.C. § 5313 and its corresponding regulations. Defendant was charged at Count One with violating 18 U.S.C. § 371 for conspiring to structure currency transactions and at Counts Three, Four and Five with violating 31 U.S.C. §§ 5324(a)(3) and (b)(3) by structuring currency transactions involving both domestic financial institutions and nonfinancial trades and businesses.

In February of 2007, defendant allegedly purchased two cashier's checks for approximately $9,000.00 at Autoworkers Federal Credit Union. Within days of these purchases defendant deposited $9,000.00 in cash into his account at the same credit union. In May of 2007, defendant structured cash payments of approximately $9,000.00 and $9,391.00 with Maple Mountain Industries, a nonfinancial trade/business. The codefendants allegedly engaged in similar activities during the duration of the conspiracy.

Pursuant to the above allegations, the United States gave notice to defendant and the codefendants that upon conviction of such offenses, the government will seek forfeiture of various items of personal property pursuant to 31 U.S.C. § 5317(c).

On June 27, 2013, in accordance with Federal Rule of Evidence 404(b) the government gave defendant notice of the "other prior bad acts" evidence it intends to introduce at trial. Therein, it indicated that

> [i]n order to establish the defendant's motive for engaging in these transactions, the government intends to present evidence, through law enforcement witnesses, of the defendant's long history of drug distribution, including convictions for cocaine distribution.

Other submissions indicate that the government also intends to augment such testimony with testimony from asserted customers of defendant's drug trade.

Defendant moves to preclude the admission of all the above-referenced evidence. Specifically, defendant seeks to bar the use of two convictions recently obtained in the Court of

2

Common Pleas of Washington County for delivering 9 grams of powder cocaine to a confidential informant on nine separate occasions and possession with intent to distribute of 7 grams of powder cocaine on a separate occasion. Defendant received a sentence of 12 to 24 years of state incarceration for these convictions. He also moves to preclude any testimony from the case agent who assertedly investigated defendant for a year and a half and any testimony from anyone asserting to be a purchaser of controlled substances. Defendant asserts that the government agents and other witnesses will seek to characterize him as a "big time" drug dealer. Defendant objects to the admission of such evidence as (1) being unfairly prejudicial and (2) having a prejudicial effect that substantially outweighs its probative value.

More specifically, defendant notes that his recent Washington County convictions are on appeal and from his perspective there are three reasons that create a "strong" likelihood of reversal.

In the alternative, defendant requests that if his prior convictions are admitted, then he should be permitted to present the lack of evidence related to those convictions. Specifically, defendant points out that over the one and a half year investigation conducted by the Washington County Drug Task Force ("task force") no evidence that defendant sold drugs was ever found. The task force searched defendant's home, person, cell phone, truck, a shed on his property, and his construction equipment. The task force even searched his girlfriend's (codefendant Ostrander's) cell phone, and his mother's house. In all of these searches the task force assertedly never found any indicia of drug dealing such as scales, drugs, packing materials, cutting devices, or lists of customers.

Defendant also alternatively requests that if the convictions are admitted, then the evidence of his 12 to 24 year sentence be excluded because it has no probative value and is extreme and disproportionate to the underlying conduct, which was selling a gram of cocaine for

3

$100.00 per gram on nine separate occasions and possessing seven grams of cocaine with the intent to distribute on another occasion.

Lastly, defendant seeks to preclude the government agents and other witnesses from characterizing him as a "big time" drug dealer.  He asserts such witnesses will claim he sold 5 to 18 kilograms of cocaine during the course of the task force's investigation, that he profited in the amount of $361,124.00 from selling drugs, and that he was trafficking drugs for 15 to 20 years.  Defendant asserts such testimony is not based on personal knowledge, making it inadmissible under Rule 602 and beyond the permissible opinion testimony of lay witnesses under Rule 701.

The government indicates it will be using the evidence of defendant's involvement with drug trafficking to establish his source of income because it is that source of illegal income that motivated him to structure the cash deposits and purchases forming the charges in the indictment.  It contends that this evidence is highly probative of motive and intent, which are permissible grounds for the use of such evidence under Federal Rule of Evidence 404(b).  Furthermore, the highly probative nature of this evidence assertedly is not outweighed by its prejudicial impact.  Defendant's drug trafficking convictions are a key component of the government's case-in-chief because they help to establish why defendant went to such great lengths to avoid law enforcement scrutiny.  In addition to being evidence bearing on motive and intent, the evidence raises a strong inference that the currency structuring was not by coincidence, but was part of a plan to avoid reporting requirements under federal law.

The trial court must consider two issues when deciding whether to admit prior bad act evidence.  U.S. v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992).  First, it must decide whether the prior act is logically relevant under the Federal Rules of Evidence 404(b) and 402 to any issue other than the defendant's propensity to commit the crime.  Id.  Second, if relevant, the court must then determine whether under Rule 403 the probative value of the evidence outweighs its

prejudicial effect. Id. This court has "considerable leeway" in both the Rules 404(b)/402 relevancy determination and the balancing test under Rule 403. Id. (citing 2 Weinstein & Berger, WEINSTEIN'S EVIDENCE, ¶ 404[12] at 404–75 (1992)).

>Rule 404(b) provides:
>
>Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Supreme Court has identified four guidelines for the admissibility of prior bad act evidence: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. Huddleston v. United States, 485 U.S. 681, 691–92 (1988).

The United States Court of Appeals for the Third Circuit has opined that Rule 404(b) is inclusive and emphasizes admissibility. Sampson, at 886; Gov't of Virgin Islands v. Edwards, 903 F.2d 267, 270 (3d Cir.1990) ("Bearing in mind that Rule 404(b) is a rule of inclusion, not exclusion, which emphasizes the admissibility of other crimes evidence, . . . we conclude that the district court did not abuse its discretion.") (citing U.S. v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.1988)). Although the Rule lists specific permissible uses, those uses are not exclusive and the Rule permits other uses. Scarfo, 850 F.2d at 1019.

Here, the government seeks to present the other bad act evidence to establish the defendant's motive and intent, which are permissible purposes under Rule 404(b). The evidence is logically relevant and forcefully probative of the reason defendant was structuring his financial transactions: to shield himself from law enforcement inquiries into the source of his cash. This motive is intertwined with the requisite showing of relevancy under Rule 402 in that it

5

demonstrates the origin of defendant's income, which in turn can be interpreted to supply strong inferences about defendant's motive and intent in completing the financial transactions in question.

Moreover, the evidence supplies a logical chain of inferences that are probative of permissible grounds under Rule 404(b) for the use of such evidence. No step in that chain is dependent upon defendant acting in conformity with the "character" of defendant established by the prior bad act(s). It follows that to the extent the evidence has a tendency to show defendant engaged in drug trafficking on a level that would generate profits that supplied a need to shelter cash transactions of more than 10,000 dollars, then the evidence has a proper purpose under Rule 404(b) and is relevant under Rule 402.

While the relevancy and significant probative value of this evidence in general cannot be denied, the court will preclude the government from presenting to the jury defendant's state court convictions because of the potential prejudicial effect they could have on the jury. Defendant was convicted for distributing and possessing with the intent to distribute a total of 16 grams of cocaine worth about 1,600 dollars. Such transactions are strikingly disproportionate to the 5 to18 kilograms and drug profits of $361,124.00 that the government purportedly intends to establish through its evidence. The fact of conviction in itself has the potential to detract the jury from considering the merits of government's actual evidence of defendant's drug trafficking and whether such activity truly supplied a motive and the criminal intent for any conduct by defendant. The jury could simply conclude that the determination of guilt by another jury provides sufficient evidence of defendant's character and alleviates its need to parse through the evidence and determine whether this prior bad act evidence provided motive and the criminal intent needed for conviction on the pending charges. In addition, the introduction of such evidence has the potential to lead to a trial within a trial about what actually was before the

Washington County jury and/or the sentencing judge, and the evidentiary standards that governed the introduction of such evidence/information and so forth. In the exercise of discretion, this court will preclude the introduction of the convictions due to the potential weight the jury could give to such convictions and thus their potential to create prejudice that substantially outweighs the probative value of such evidence.[1]

The balance of the prior bad act evidence, including any evidence that was introduced in the Washington County trial or sentencing proceeding, will be admissible on its own merits to the extent it is within the scope of relevancy as noted above and otherwise admissible under the Rules of Evidence. Accordingly, the court will consider the government's actual evidence of prior drug trafficking on a proffer-by-proffer basis. Defendant may challenge each such proffer on the grounds of Rule 602, Rule 802 or any other evidentiary ground for excluding evidence. The parties will be directed to work together in an effort to minimize the disruption this approach might have on the orderly progression of trial.

In light of the above, the following order is appropriate:

**<u>ORDER OF COURT</u>**

AND NOW, the 15th day of July, 2013, for the reasons set forth above, IT IS ORDERED that [79] defendant's motion in limine be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks to preclude the introduction of the actual conviction and sentence in the Washington County Court of Common Pleas under Rules 402, 403 and 404(b). This ruling is without prejudice to the government introducing actual evidence that was introduced in the Washington County trial or sentencing proceeding(s). All of the government's proffered evidence of drug trafficking will be subject to admission provided it is

---

[1] Because the convictions will not be admitted, this court will further preclude the introduction of defendant's sentences for those convictions for the same reasons.

(1) indicative of or has a tendency to prove drug trafficking on a scale that would produce proceeds in amounts that would supply a motive and/or intent to engage in structuring transactions involving more than 10,000 dollars and (2) not inadmissible for any evidentiary ground other than Rules 402 and 404(b). The parties are directed to work together in an effort to minimize the disruption this approach might have on the orderly progression of trial.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc: Brendan T. Conway, AUSA

Noah Geary, Esquire